John K. Park, Esq. SB# 175212
Chong H. Roh, Esq. SB# 242437
PARK LAW FIRM
3255 Wilshire Boulevard, Suite 1110
Los Angeles, CA 90010
Telephone: 213-389-3777
Facsimile: 213-389-3377

Attorneys for Plaintiffs,
VISION TECH AMERICA, INC.
AND KYONG-SIK SON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION TECH AMERICA, INC., a California corporation, and KYONG-SIK SON, a Korean citizen<br><br>Plaintiffs,<br><br>v.<br><br>SHAGHAL LTD., a California corporation, and MICRO ALARM SYSTEMS, INC., a California corporation, and Does 1 through 50, inclusive<br><br>Defendants. | CASE NO.: 07-05120-ABC-JC<br><br>**CONSENT JUDGMENT AS TO DEFENDANT MICRO ALARM SYSTEMS, INC.** |

This matter came before the Court on the stipulated submission of this Consent Judgment. The parties have had ample opportunity to assess the relevant facts and applicable law during the pendency of this lawsuit. The parties having agreed to the entry of this Consent Judgment, and the Court being fully advised as to the reasons and justifications for such entry, **THE COURT hereby enters this Consent Judgment and FINDS, ADJUDGES, DECLARES, CONCLUDES, and DECREES as follows**:

[PROPOSED] CONSENT JUDGMENT

Civil Case No.

- 1 -

**FINDINGS OF FACT**

1. Plaintiff Vision Tech America, Inc. ("Vision Tech") is a California corporation with its principal place of business at 625 Ellis Street, Suite 202, Mountain View, CA 94043. Vision Tech is in the business of selling various electronic devices, including License Plate Rear View Cameras.

2. Plaintiff Kyong-Sik Son ("Son") is a citizen of Korea and has his primary residence at Sinjeong-Dong 312 Mokdongsinsigaji Apt 928-105, Yang Chon-Gu, Seoul, Republic of Korea.

3. Defendant Micro Alarm Systems, Inc. ("Micro Alarm") is a California corporation with its principal place of business at 4825 S. Soto Street, Los Angeles, CA 90058. Micro Alarm is in the business of selling various electronic devices, including License Plate Rear View Cameras.

4. United States Patent No. 7,195,405, entitled "Number Plate Combination Type Camera Apparatus for Rear Monitoring of Vehicle" ("the '405 patent"), was duly and legally issued to Kyong-Sik Son on March 27, 2007. Son subsequently licensed exclusive rights in that patent to Vision Tech, and Vision Tech continues to be the exclusive licensee to all right and interest in that patent.

5. Vision Tech brought this action for patent infringement on August 7, 2007.

6. Vision Tech and Son filed a first amended complaint on January 15, 2008.

7. Micro Alarm has manufactured, used, imported, offered for sale and/or sold products that literally infringe one or more claims of the '405 Patent.

8. Any Finding of Fact that is deemed rather to be a Conclusion of Law is hereby also expressly adopted as a Conclusion of Law and remains a part of this Consent Judgment, regardless of how it is characterized.

9. Vision Tech, Son and Micro Alarm (collectively "the Parties") seek to terminate this litigation through this Consent Judgment.

## CONCLUSIONS OF LAW

**THE COURT CONCLUDES AS FOLLOWS:**

10. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11. The Court has personal jurisdiction over the Parties, and venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)&(c) and 1400(b). Additionally, the parties consent to this Court's jurisdiction, subject matter and personal, for purposes of entering this Consent Judgment, construing the Consent Judgment or the Settlement Agreement if needed, and enforcing the Consent Judgment or Settlement Agreement at any time in the future.

12. All claims of the '405 Patent are valid and enforceable, including as against Micro Alarm's past, present or future products. Nothing in this paragraph shall prevent Micro Alarm from asserting that any future products do not infringe the '405 Patent, except for those products that are the same as, or only colorably different from, the products in suit.

13. The parties intend and this Court expressly orders that the issues of patent validity, enforceability, and infringement are hereby concluded and disposed of. This Consent Judgment bars Micro Alarm from contending in this action or any other proceeding

that those products that are the same as, or only colorably different from, the products in suit do not infringe the '405 Patent.

14.     This Judgment shall finally conclude and dispose of this litigation as to the signatory parties to this Consent Judgment.  As to all parties to this Consent Judgment, this Judgment shall be given issue preclusive and claim preclusive effect in future litigation or Patent & Trademark Office proceedings relating to the '405 Patent.  The Parties to this Consent Judgment and this Court explicitly intend such issue preclusion and claim preclusion effects to extend to the issues of claim construction, validity, and enforceability regarding any claim of the '405 Patent, whether raised in a court proceeding, Patent & Trademark Office proceeding, re-examination, reissue or other dispute even with respect to materially different products.

15.     Any Conclusion of Law that is deemed rather to be a Finding of Fact is hereby also expressly adopted as a Finding of Fact and remains a part of this Consent Judgment, regardless of how it is characterized.

**THE COURT ORDERS AS FOLLOWS:**

A.     Each Party is to bear its own costs and attorneys' fees incurred in this litigation.

B.     Micro Alarm is hereby enjoined from infringing any claim of the '405 Patent, directly or indirectly or by the doctrine of equivalents, for the life of that patent.  Micro Alarm is likewise enjoined from causing, inducing or contributing to the infringement of the '405 Patent by any other person or entity for the life of that patent.

C.     This Court retains ongoing, exclusive jurisdiction of this action for purposes of interpreting or enforcing this Consent Judgment.

1    D.    No Party to this Consent Judgment may appeal the Consent Judgment. Instead, the Parties knowingly, intentionally, willingly, and explicitly waive their right to appeal this Consent Judgment.

F.    This Consent Judgment finally concludes and disposes of all of the claims and counterclaims of Plaintiffs' and Defendant Micro Alarm Systems, Inc. **with prejudice** and **on the merits**.

G.    Final judgment shall be entered pursuant to this Consent Judgment, without further notice.

The Clerk is directed to enter this final Consent Judgment forthwith.

**IT IS SO ORDERED**

Dated: February 21, 2008

_____
United States District Court Judge

[PROPOSED] CONSENT JUDGMENT

Civil Case No.

- 5 -

| | |
|---|---|
| 1 | Respectfully presented by: |
| 2  DATED: _____, 2008 | By_____ |
| 3 | John K. Park |
|   | Chong H. Roh |
| 4 | Park Law Firm |
|   | 3255 Wilshire Blvd., Suite 1110 |
| 5 | Los Angeles, CA 90010 |
|   | Telephone:  213.389.3777 |
| 6 | Facsimile: 213.389.3377 |
|   | Email: firm@parklaw.com |

*Attorneys for Plaintiffs Vision Tech America, Inc. and Kyong-Sik Son*

Agreed to by:

DATED: _____, 2008    By_____
Marvin Harten
578 Crestline Drive
Los Angeles, CA 90049

*for Defendants Micro Alarm Systems, Inc.*

[PROPOSED] CONSENT JUDGMENT

- 6 -

Civil Case No.


# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3255 Wilshire Boulevard, Suite 1110, Los Angeles, California 90010.

On February 12, 2008, I served the foregoing document described as **[PROPOSED] CONSENT JUDGMENT AS TO DEFENDANT MICRO ALARM SYSTEMS, INC.**, on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

[ X ]   (Mail) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in the affidavit.

[ ] (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ X ] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed at Los Angeles, California.

Dated: February 12, 2008           _____
                                   Chong Roh

[PROPOSED] CONSENT JUDGMENT


- 7 -

Civil Case No.

1 **SERVICE LIST**

2

3 Jeffrey G. Sheldon
Sheldon Mak Rose & Anderson
100 East Corson Street, Third Floor
4 Pasadena, CA 91103

5 Marvin Harten
578 Crestline Drive
6 Los Angeles, CA 90049

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

[PROPOSED] CONSENT JUDGMENT
- 8 -
Civil Case No.